**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| ERIC MATTHEW NEGRIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | NO. 5:21-cv-00245-MTT-MSH |
| | : | |
| RICHARD CHATMAN,[1] *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## **ORDER**

Plaintiff Eric Matthew Negrin, a detainee in the Wilkinson County Jail in Irwinton, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff was previously granted leave to proceed *in forma pauperis* and ordered to recast his complaint. Order, ECF No. 4. Plaintiff has now filed a recast complaint, which is ripe for preliminary review. On preliminary review of Plaintiff's recast complaint, it is **RECOMMENDED** that Plaintiff's deliberate indifference to safety claim against all defendants be **DISMISSED WITHOUT PREJUDICE**. Plaintiff will, however, be permitted to proceed for further factual development on his deliberate indifference to a serious medical need claim against Defendants Nurse Tina and Dr. Grahm.

_____

[1]In his original complaint, Plaintiff identified this defendant as Richard Chapman. Compl. 1, ECF No. 1. In his recast complaint, Plaintiff has updated this defendant's name to Richard Chatman, Recast Compl. 1, ECF No. 5, which is the name of the Sheriff of Wilkinson County. Accordingly, the **CLERK** is **DIRECTED** to update the docket to reflect that this defendant's name is Richard Chatman.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.    Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's complaint is now ripe for preliminary review.  *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings).   When performing this review, the court must accept all factual allegations in the complaint as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed."   *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."   *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).   The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."   *Id.* (internal quotation marks omitted).   A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right

of action." *Twombly*, 550 U.S. at 555 (first alteration in original).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.   *Id.* at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.   *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   Plaintiff's Allegations

In his recast complaint, Plaintiff asserts that, since June 24, 2021, he has been severely dehydrated and has had blood in his urine.   Recast Compl. 5, ECF No. 5. Plaintiff believes that an excessive amount of fluoride in the water is causing his kidneys to fail.   *Id.*   In this regard, Plaintiff asserts that he has a shirt that he has washed in the shower, which made the shirt turn green.   *Id.*   Plaintiff's urologist saw the shirt and told Plaintiff that the water could be the cause of his problems.   *Id.*

Plaintiff asserts that he informed the defendants Sheriff Richard Chatman, Captain Buster King, Nurse Tina, and Dr. John Grahm "of this issue," and that they all have ignored his complaints.   *Id.*   Plaintiff also contends that Nurse Tina and Dr. Grahm waited two

months to refer Plaintiff to a urologist, causing him unnecessary pain and suffering.   *Id.*

  III.   Plaintiff's Claims

    A.   Deliberate Indifference to Health and Safety

  With regard to his contention that there is an issue with the safety of the water and that all of the defendants have ignored his complaints, Plaintiff's allegations implicate a potential claim for deliberate indifference to his health and safety.   To state a claim for exposure to unsafe conditions, a prisoner must allege facts to show the existence of a prison condition that is extreme and poses an unreasonable risk of harm to the prisoner's health or safety.[2]   *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).   Additionally, the prisoner must allege facts to show that the defendant acted with deliberate indifference to the condition, which requires that the defendant knew that an excessive risk to health or safety existed but disregarded that risk.   *Id.* at 1289-90.

  As to the presence of such a condition, Plaintiff has arguably alleged enough facts to suggest that there is an unreasonable risk of harm to his health.   In this regard, Plaintiff asserts that an excessive amount of fluoride in the water is causing him kidney problems. Although he does not present anything to conclusively show that the water is causing his problem, he has alleged that his doctor saw evidence of the fluoride in the water and told Plaintiff that it could be causing his kidney issues.

---

[2]Because Plaintiff is a pretrial detainee, rather than a convicted prisoner, his deliberate indifference claim is governed by the Fourteenth Amendment due process clause, rather than the Eighth Amendment.   Regardless, the standards governing such claims are the same under either Amendment.   *See Goodman v. Kimbrough*, 718 F.3d 1325, 1331 n.1 (11th Cir. 2013).

With regard to the alleged deliberate indifference to the condition, however, Plaintiff's recast complaint lacks factual allegations to show that any of the defendants was actually deliberately indifferent to a risk of harm to Plaintiff.   On this point, Plaintiff asserts that he told Chatman, King, Nurse Tina, and Dr. Grahm about the issue, but that they have ignored him.   Plaintiff provides no specific information regarding what he told any of these defendants, whether he presented them with any information to show that the water was truly a problem, or whether they otherwise had reason to know that there was any risk of harm based on excessive fluoride in the water.   In the absence of any factual allegations to show that any of the defendants was actually aware of a risk of harm to Plaintiff and ignored that risk, Plaintiff has not stated a claim for relief in this regard. Thus, it is **RECOMMENDED** that Plaintiff's deliberate indifference to health and safety claim be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### B.   Deliberate Indifference to Serious Medical Need

Plaintiff's remaining allegation that Nurse Tina and Dr. Grahm waited two months to refer him to a urologist implicates a potential claim for deliberate indifference to a serious medical need.   In order to state a claim for deliberate indifference to a serious medical need, a prisoner must allege facts to show that he had a medical need that was objectively serious and that the defendant was deliberately indifferent to that need. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).   A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."   *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and

citation omitted).   Further, the condition must be one that would pose a "substantial risk of serious harm" if left unattended.   *Farrow*, 40 F.3d at 1243.

An official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).   Additionally, the disregard of risk must be "by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011).   "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Id.*   A prison official "who delays necessary treatment for non-medical reasons may exhibit deliberate indifference." *Id.*   Finally, "[a]n Eighth Amendment violation may also occur when state officials knowingly interfere with a physician's prescribed course of treatment." *Id.*

Here, Plaintiff has alleged that he has been severely dehydrated and has had blood in his urine.   Additionally, he has had constant, severe kidney pain.   Accepting these allegations as true and construing them in Plaintiff's favor, he has sufficiently alleged that he has a serious medical need.

Plaintiff's allegations with regard to Nurse Tina and Dr. Grahm's knowledge of his condition, as with his deliberate indifference to health and safety claim, are minimal. Nevertheless, Plaintiff's allegations suggest that Nurse Tina and Dr. Grahm were familiar with Plaintiff's situation.   Despite him having issues such as blood in his urine, Plaintiff alleges that Nurse Tina and Dr. Grahm delayed his treatment for two months before they referred him to a urologist.

While it is not clear at this stage whether the delay may have been warranted, nothing on the face of the complaint demonstrates that there was a legitimate reason for the delay, and thus, it appears possible that these defendants may have been deliberately indifferent to Plaintiff's serious medical need.   Accordingly, Plaintiff will be permitted to proceed for further factual development on a deliberate indifference to a serious medical need claim against Defendants Nurse Tina and Dr. Grahm.

IV.   <u>Conclusion</u>

Thus, as set forth above, it is **RECOMMENDED** that Plaintiff's deliberate indifference to safety claim against all defendants be **DISMISSED WITHOUT PREJUDICE**.   Plaintiff will be permitted to proceed for further factual development on his deliberate indifference to a serious medical need claim against Defendants Nurse Tina and Dr. Grahm.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Order with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

For those reasons discussed above, it is hereby **ORDERED** that service be made on **DEFENDANT NURSE TINA and DR. GRAHM** and that they file an Answer, or other response as appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendants are also reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) for failure to prosecute.  Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions,

pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian.   Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.   This 90-day period shall run

9

separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).   The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.   The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

**SO ORDERED and DIRECTED**, this 9th day of November, 2021.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE