IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ERIC MATTHEWS NEGRIN, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Case No: 5:21-cv-245-CDL-MSH |
| | : | |
| SHERIFF RICHARD CHATMAN, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER

Pending before the Court is Plaintiff's motion for appointment of counsel (ECF No. 52). Plaintiff claims that appointed counsel is necessary due to his *in forma pauperis* status, the difficulties in litigating while incarcerated, the need for assistance in cross examining witnesses at trial, and the complexity of his claims. Pl.'s Mot to Appoint Couns. 1, ECF No. 52.

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* In determining whether a case presents exceptional circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to

adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

Plaintiff fails to present extraordinary circumstances justifying the appointment of counsel in this case. He has consistently filed pleadings and briefs sufficiently setting out his contentions to allow review by the Court. Accordingly, Plaintiff's motion for appointed counsel (ECF No. 52) is **DENIED**.

SO ORDERED, this 7th day of April, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE